UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

WOOD BRO CAPITAL, LLC,

        Plaintiff,

v.

FRED W. UNDERWOOD, et al.

        Defendants.

3:16-cv-00405-LRH-VPC

ORDER

This is a quiet-title action brought by Plaintiff Wood Bro Capital against the United States and several other defendants. Wood Bro and several of the defendants have settled this case, and to that end, Wood Bro has moved for a "prove-up hearing" that it purports is required under NRS 40.110. While this statute does require the court to receive evidence from a plaintiff of its title before entering judgment against defendants that have failed to answer the complaint, it does not specifically require a hearing. Because the court finds that written briefing would be more efficient and effective, it will order Wood Bro to file points and authorities, supported by admissible evidence, that establish that it meets the requirements of NRS 40.110 and thereby NRS 40.100.

**I.    Background**

Wood Bro purports to be the current owner of the real property at issue ("subject property"), which is located in Washoe County, Nevada. ECF No. 1-1 at ¶ 1. Wood Bro purchased the property by quitclaim deed in 2015 from non-party Wood is Good, LLC. *Id*. at ¶ 7. This non-party seller acquired the property from a Washoe County tax sale in 2010, which

resulted from the then-owner's failure to pay property tax. *Id*. at ¶ 8. The county treasurer conveyed the property by quitclaim deed. *Id*. Prior to the tax sale, the subject property was held by defendants Fred Underwood, Angela Underwood, and Dwight Carlton, who recorded their deed in 1996. *Id*. at ¶ 9.

The subject property was encumbered by two separate federal tax liens in favor of the United States and against Angela Underwood. *Id*. at ¶ 10. Both liens were recorded in Washoe County in 2007. *Id*.

Wood Bro now brings this action to quiet its title. It filed suit against the United States, the Underwoods, and Carlton. Wood Bro also filed suit against Duane and Genieve South, but their interest in the subject property is unclear.

On January 20, 2017, Wood Bro moved for entry of clerk's default against Carlton and the Underwoods (ECF Nos. 32–33), which was entered (ECF Nos. 38–39). Wood Bro eventually gave notice of its voluntary dismissal of the Souths. ECF No. 47.

Wood Bro and the United States also notified the court that they had reached a settlement agreement. ECF Nos. 42, 46. Wood Bro now moves for a "prove-up hearing" in order to conclude this matter.

**II.  Discussion**

Although not stated by Wood Bro, it appears that, based on its citation to NRS 40.110, the requested hearing stems from the fact that Wood Bro is seeking an entry of judgment against Carlton and the Underwoods (collectively "defaulted defendants"), who have failed to answer the complaint or otherwise defend against Wood Bro's quiet-title claim.

Where defendants have defaulted, NRS 40.110 grants Nevada courts "jurisdiction to examine into and determine the legality of plaintiff's title and of the title and claim of all the defendants." However, the statute prohibits a court from entering default *judgment*, and it instead requires the court to "require evidence of plaintiff's title and possession and receive such legal evidence as may be offered respecting the claims and title of any of the defendants . . . ." Nev. Rev. Stat. § 40.110(1). After receiving such evidence, the court must then "direct judgment to be entered in accordance with the evidence and the law." *Id*.

But before addressing plaintiff's title, the court must first receive proof "that the summons has been served and posted as" required under NRS 40.100. *Id*. This statute requires that, within one year of the complaint's filing, a plaintiff serve the summons in a "manner and form" that complies with the Nevada Rules of Civil Procedure. *Id*. § 40.100(1). The statute further requires that, "[w]ithin 30 days after the issuance of the summons, the plaintiff shall post or cause to be posted a copy [of the summons] in a conspicuous place, on each separate parcel of the property described in the complaint . . . ." *Id*. § 40.100(2).

In turn, the court will order Wood Bro to file points and authorities, supported by admissible evidence, that establish two issues: (1) that it has satisfied the additional service requirements under NRS 40.100 in regards to the defaulted defendants and (2) that it has title to and possession of the subject property.

**III.  Conclusion**

IT IS THEREFORE ORDERED that, within 21 days of the entry of this order, Wood Bro Capital shall file points and authorities, supported by admissible evidence, that address the issues set forth above.

IT IS SO ORDERED.

DATED this 11th day of April, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE