UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WOOD BRO CAPITAL, LLC,

Plaintiff,

v.

FRED W. UNDERWOOD, et al.

Defendants.

3:16-cv-00405-LRH-VPC

<u>ORDER</u>

This is a quiet-title action brought by Plaintiff Wood Bro Capital against the defendants Fred Underwood, Angela Underwood, and Dwight Carlton (collectively "defaulted defendants"). The court will grant judgment to Wood Bro because the defaulted defendants have failed to respond to Wood Bro's complaint and Wood Bro has satisfied the requirements of NRS 40.110 and NRS 40.100.

**I.   Background**

Wood Bro purports to be the current owner of the real property at issue ("subject property"), located in Washoe County, Nevada.[1] ECF No. 1-1 at ¶ 1. Wood Bro purchased the subject property by quitclaim deed in 2015 from non-party Wood is Good, LLC. *Id.* at ¶ 7. Wood is Good originally acquired the property from a Washoe County tax sale in 2010, which resulted from the then-owner's failure to pay property tax. *Id.* at ¶ 8. The county treasurer conveyed the property by quitclaim deed. *Id.* Prior to the tax sale, the property was held by the defaulted defendants, who recorded their deed in 1996. *Id.* at ¶ 9.

---
[1] A physical description of the subject property is provided below.

1

The subject property was encumbered by two separate federal tax liens in favor of the United States and against Angela Underwood. *Id.* at ¶ 10. Both liens were recorded in Washoe County in 2007. *Id.*

Wood Bro now brings this quiet-title action. Wood Bro filed suit against the United States, the defaulted defendants, and Duane and Genevieve South. Wood Bro has since reached a settlement agreement with the United States, in which Wood Bro shall use the proceeds from the sale of the subject property to satisfy liens held by the United States. *See* ECF Nos. 42, 46, 49.

The defaulting defendant's ownership of the subject property was subject to a First Deed of Trust in favor of the Souths. ECF No. 44 at 3. The Souths did not answer the complaint or appear, but voluntarily executed a Substitution of Trustee Under Deed of Trust and Deed of Reconveyance, which was recorded on March 28, 2017, in Washoe County, Nevada. *Id.* at 2. The Souths have thus reconveyed all title and interest to the current subject-property owners (i.e., Wood Bro). *Id.* at 7. In turn, Wood Bro voluntarily dismissed the Souths from this action. ECF No. 47. The only remaining issue is the defaulting defendant's interest.

On January 20, 2017, Wood Bro moved for entry of clerk's default against Carlton and the Underwoods (ECF Nos. 32–33), which was entered (ECF Nos. 38–39). Because Nevada law prohibits courts from entering default judgment on quiet-title claims, this court ordered Wood Bro to file points & authorities, supported by admissible evidence, that establish its title to the subject property and compliance with NRS 40.100 and 40.110. ECF No. 48. The court now considers Wood Bro's filings.

**II.     Discussion**

A quiet-title action does not consist of any particular elements, but "each party must plead and prove his or her own claim to the property in question and, a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks omitted) (quoting *Yukeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)). When a defendant fails to answer in a quiet-title action, NRS 40.110 prohibits courts from entering default judgment and instead directs courts to "require evidence of Plaintiff's title and possession, and receive such legal evidence as may be offered respecting the

claims and title of any of the Defendants . . . ." Nev. Rev. Stat. § 40.110(1). Only after receiving such evidence may a court "direct judgment to be entered in accordance with the evidence and the law." *Id.*

NRS 40.110 further directs courts to receive evidence "that the summons [was] served and posted as" required under NRS 40.100. *Id.* Under this statute, a plaintiff must, within one year of the complaint's filing, serve the summons in a "manner and form" that complies with the Nevada Rules of Civil Procedure. *Id.* § 40.100(1). The statute further requires that, "[w]ithin 30 days of the issuance of the summons, the Plaintiff shall post or cause to be posted a copy [of the summons] in a conspicuous place, on each separate parcel of the property described in the complaint . . . ." *Id.* § 40.100(2).

As discussed below, the court finds that Wood Bro has satisfied the additional service requirements under NRS 40.100 and that Wood Bro has proven its title and possession of the subject property.

### A. Wood Bro satisfies the additional service requirements under NRS 40.100

Wood Bro provided a copy of the original summons served to defendant Carlton. ECF No. 49-1. However, Wood Bro was unable to locate the Underwoods or any potential heirs. Process servers conducted a multi-state search for the Underwoods but could not find them. *Id.* at 5. Therefore, Wood Bro published the summons in the Reno Gazette-Journal on September 21 and 28, 2016, and October 5 and 12, 2016. *Id.* Service by publication is sufficient "when the person on whom service is to be made . . . cannot, after due diligence, be found within the state . . . ." Nev. R. Civ. P. 4(e)(1)(i). Further, publication of service must "be made in a newspaper, published in the State of Nevada . . . for a period of 4 weeks, and at least once during a week during said time." *Id.* at 4(e)(1)(iii). Wood Bro's publication of the summons thus complies with NRCP 4.

In addition to serving the defendants, NRS 40.100 requires that the summons be posted on the subject property within 30 days of the summon's issuance. Here, Wood Bro acknowledges that the posting did not occur until 40 days after the issuance of the summons. ECF No. 49 at 5. Wood Bro asserts that this delay was the result of its desire to ensure that the renters living on

3

the subject property were aware of the posting. *Id.* However, Wood Bro contends substantial compliance with notice in a statute is sufficient under Nevada law. *Schleining v. Cap One, Inc.*, 326 P.3d 4, 8 (Nev. 2014). To determine whether strict or substantial compliance with a statute is required, "[courts] examine whether the purpose of the statute or rule can be adequately served in a manner other than by technical compliance with the statutory rule language." *Schleining,* 326 P.3d at 8 (internal quotation marks omitted) (quoting *Leyve v. Nat'l Default Servicing Corp.*, 255 P.3d 1275, 1278 (Nev. 2011)).

In *Schleining*, the Nevada Supreme Court held that substantial compliance with notice requirements is sufficient when "actual notice occurs and there is no prejudice to the party entitled to notice." *Id.* (citing *Las Vegas Plywood & Lumber, Inc. v. D & D Enters.*, 649 P.2d 1367, 1368 (Nev. 1982)). Wood Bro argues that the purpose of posting a summons on the subject property is "to provide notice to unknown persons claiming title to the subject property of a pending action." ECF No. 49 at 5. The court agrees and finds that this purpose can be served by posting the summons within 40 days of the summon's issuance. Because there is no indication or reason to believe that any of the interested parties were prejudiced, the court finds that Wood Bro's substantial compliance with NRS 40.100 is sufficient.

Finally, Wood Bro is required to file and record a Notice of Pendency of Action. Nev. Rev. Stat. § 40.090(1). Wood Bro filed the Notice of Pendency of Action to Quiet Title on May 10, 2016, and recorded the document in Washoe County on May 12, 2016, as Document No. 4588766. *Id.* Wood Bro submitted a copy of this Notice of Pendency of Action. ECF No. 49-3.

**B.     Wood Bro provided evidence of its title to the subject property**

Wood Bro has provided evidence of the subject property's chain of title and thus established that it has title to this property. Namely, it has submitted recorded quitclaim deeds evincing its purchase of the property from Wood is Good in 2015 and the latter's purchase of the property at a Washoe County tax sale in 2010. ECF Nos. 49-4, 49-5.

Moreover, the record establishes that, prior to this sale, the defaulted defendants owned the subject property, which was conveyed to them by the Souths. ECF No. 49 at 7. The defaulted

defendants recorded their deed in Washoe County on April 1, 1996, as Document No. 1981738. Their ownership of the property was subject to a First Deed of Trust in favor of the Souths, which was recorded as Document No. 1981739. As mentioned above, the Souths recently executed a Substitution of Trustee Under Deed of Trust and Deed of Reconveyance, which they recorded on March 28, 2017, as Document No. 4690808. Pursuant to this document, the Souths have substituted themselves as trustees under the First Deed of Trust and conveyed all interest to the subject property to its current owner, thereby releasing their deed of trust. ECF No. 49 at 7.

The court therefore finds that Wood Bro is entitled to judgment in its favor and against the defaulted defendants on its quiet-title claim and will order the clerk of the court to enter judgment.

As a final note, the court acknowledges that Wood Bro appears to assert, by reference to NRS 40.090, that it has title to the subject property through adverse possession. *Id*. at 8. However, Wood Bro's sole owner has merely attested that he has been in possession of the property for more than 15 years and has paid all taxes on the property for the past 5 years. ECF No. 49-6 at 4. This threadbare statement is not sufficient for the court to find that Wood Bro has satisfied the requirements of adverse possession. And because the court has already determined that Wood Bro has title to the subject property, it need not address adverse possession in order to grant Wood Bro the relief it seeks.

### III.     Conclusion

IT IS THEREFORE ORDERED that Plaintiff Wood Bro Capital is adjudged to be the owner of the real property commonly known as 564 Morgan Circle, Sun Valley, Nevada, (APN 085-570-49) and more particularly described as follows:

> **Parcel 1:**
>
> Parcel 2, of Parcel Map No. 2345, for MARK and JANICE J. THOMAS, according to the map thereof, filed in the office of the County Recorded of Washoe County, State of Nevada, on March 25, 1989, Document No. 1320160, Official Records.

///

///

|   |   |
|---|---|
| 1 | **Parcel 2:** |
| 2 | A perpetual non-exclusive right-of-way for ingress and egress, utility and incidental |
| 3 | purposes over the Westerly 30 feet of the following lots, pieces or parcels of the |
| 4 | land situate in the County of Washoe, State of Nevada, and bounded and described |
| 5 | as follows: |
| 6 | **Parcel 2A:** |
| 7 | Known as Parcel A in the South one-half of the Northeast one-quarter of the |
| 8 | Northeast one-quarter of the Northwest one-quarter of Section 17, Township 20 |
| 9 | North, Range 20 East, M.D.B.&M., and more particularly described as follows: |
| 10 | STARTING at the North quarter of section 17, Township 20 North, Range 20 East, |
| 11 | M.D.B.&M., running thence along section line, North 89°37'24" West, 30.00 feet |
| 12 | to the West line of Klondike Drive and thence along same, parallel to the quarter |
| 13 | line, South 0°13'02" East, 330.21 feet to subdivision line, the place of beginning; |
| 14 | running thence parallel to the quarter line South 0°13'02" East, 330.21 feet to |
| 15 | subdivision; thence along subdivision line North 89°30'51" West, 125.33 feet; |
| 16 | thence North 0°11'15" West, 330.24 feet to subdivision line; and thence South |
| 17 | 89°38'07" East, 126.25 feet to the place of beginning. |
| 18 | **Parcel 2B:** |
| 19 | Parcel B in the South one-half of the Northeast one-quarter of the Northeast one- |
| 20 | quarter of the Northwest one-quarter of Section 17, Township 20 North, Range 20 |
| 21 | East, M.D.B.&M. |
| 22 | STARTING at the North quarter of Section 17, Township 20 North, Range 20 East, |
| 23 | M.D.B.&M., running then along section line South 89°37'24" West 30.00 feet to |
| 24 | the West line of Klondike Drive; then along the same parallel to quarter line South |
| 25 | 0°13'02" East 330.32 feet to subdivision line and thence along same North |
| 26 | 89°38'07" West, 126.25 feet to the place of beginning; running thence South |
| 27 | 0°10'21" East, 330.24 feet to subdivision line; thence along same North 89°38'07" |
| 28 | East 126.25 feet to the place of beginning. |

1 | **Parcel 2C:**

COMMENCING at the North quarter corner of Section 17, Township 20 North, Range 20 East, M.D.B.&M.; thence along the quarter section line North 89°37'24" West 30.00 feet to the Western line of Klondike Drive; thence along the same parallel to quarter line, South 0°13'02" East 330.31 feet; thence North 89°38'07" West 252.50 feet to the point of beginning; thence South 0°11'15" East 330.26 feet to subdivision line; thence along said line North 89°38'51" West 126.33 feet thence North 0°10'21" West 330.29 feet; thence South 89°38'07" East 126.24 feet to the true point of beginning. Situate in the S ½ of the NE ¼ of the NW ¼ of said Section 17.

**Parcel 3:**

An easement over the West and North 30 feet of Parcel 1 of said Parcel Map 2345.

The above legal description was taken from prior Document No. 1981738.

IT IS FURTHER ORDERED that ownership of the aforementioned property shall be subject to the liens held by the United States in the amount of $39,824.00 which shall be satisfied by payment from escrow upon the subject property's sale.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment in favor of the Plaintiff Wood Bro Capital and against Defendants Fred Underwood, Angela Underwood, and Dwight Carlton.

IT IS FURTHER ORDERED that Plaintiff's motion for prove-up hearing to quiet title (ECF No. 45) is **DENIED as MOOT**.

IT IS SO ORDERED.

DATED this 25th day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE